IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES MARBLE; VIVIAN MARBLE; and STATE OF OKLAHOMA *ex rel.* Commissioners of the Land Office,<br><br>      Plaintiffs,<br><br>v.<br><br>NS JPF LENDER, LLC; JIM PARKER FARMS, LLC; and UNITED STATES OF AMERICA *ex rel.* Bureau of Land Management,<br><br>      Defendants. | Case No. CIV-23-00227-JD<br>(Consolidated by this Order with Case No. CIV-24-00110-JD) |

## **ORDER**

Before the Court is Plaintiffs' Motion to Consolidate ("Motion") [Doc. No. 66], in which Plaintiffs seek to join Case Numbers CIV-23-00227-JD and CIV-24-00110-JD. The Court ordered expedited briefing on the issue. [Doc. No. 67]. Jim Parker Farms, LLC responded that it does not object to consolidation. [Doc. No. 68]. The United States of America *ex rel.* Bureau of Land Management responded that it does not oppose consolidation for purposes of venue and other procedural determinations, but that consolidation is premature for other purposes. [Doc. No. 70]. NS JPF Lender, LLC did not file a response indicating its position.

Federal Rule of Civil Procedure 42 states:

If actions before the court involve a common question of law or fact, the court may:

1

    (1) join for hearing or trial any or all matters at issue in the actions;

    (2) consolidate the actions; or

    (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a)(1)–(3). From a review of the pleadings, motions, and filings in this action and Case No. CIV-24-00110-JD, the Court finds that the two actions involve common questions of law and fact. Both actions involve the same real property dispute and competing claims for quiet title and trespass. Plaintiffs' Motion seems to be requesting complete consolidation of the two cases.

  However, until the Court resolves the pending motions in CIV-23-00227, which include motions to transfer, the cases are consolidated for the purposes of venue only. By consolidating for purposes of venue, the Court ensures that cases with similar law and facts are not potentially adjudicated by different districts should the Court grant the motions to transfer in CIV-23-00227. Plus, should the Court transfer both cases, the court to which it is transferred can decide to what extent further consolidation is appropriate.

  Thus, the Court finds the two actions are suitable for consolidation for purposes of venue under Federal Rule of Civil Procedure 42 because consolidation will serve the interests of justice, avoid unnecessary costs and delays, and promote judicial economy. The Court grants Plaintiffs' Motion in part and to the extent set forth in this Order.

  The Clerk is directed to file a copy of this Order in the CIV-24-00110-JD action.

IT IS SO ORDERED this 12th day of March 2024.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE